**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William A. CRAM, Defendant—
Appellant.**

No. 02–30278.

D.C. No. CR–02–05294–001–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2003.*

Decided April 22, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

William A. Cram entered a conditional guilty plea to possession of marijuana, in violation of 21 U.S.C. § 844. He appeals the district court's denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we review the denial of the motion to suppress de novo. *See United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002).

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (footnotes omitted). Cram was told he was under arrest for trespassing, was handcuffed, and was placed in the back of the police vehicle for five to seven minutes. Even after he was allowed to leave the vehicle for his own comfort, he remained handcuffed until his processing was complete. This was a lawful custodial arrest. *See United States v. Ricardo D.*, 912 F.2d 337, 340 (9th Cir. 1990) (defendant who was patted down, gripped by the arm, told not to run and placed in a police vehicle was under custodial arrest). The search was pursuant to the arrest, and was not a violation of the Fourth Amendment.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.